# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **FREDDIE HAMMONDS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:09CV642-LG-RHW** |
| | § | |
| **JASON LENNEP and F. A. RICHARD** | § | |
| **&ASSOCIATES, INC.** | § | **DEFENDANTS** |

## ORDER GRANTING  MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss pursuant to Rule 12(b)(6) [3] filed by

the defendants, Jason Lennep and F. A. Richard & Associates, Inc. ("FARA").  The plaintiff,

Freddie Hammonds, has not responded to the Motion.  Upon reviewing the Motion and the

applicable law, the Court finds that Hammonds has not stated a claim upon which relief can be

granted.  Therefore, the Motion is granted.

### FACTS

Hammonds was injured on May 16, 2001, while working for Northrop Grumman Ship

Systems.  Hammonds filed a workers compensation claim, alleging foot and back injuries.  In

2005, Hammonds and Northrop Grumman filed a Joint Motion to Remand with Binding

Stipulations (hereinafter referred to as the "settlement agreement"), agreeing that Northrop

Grumman would continue to pay Hammonds' past and future medical expenses pursuant to

Section 7 of the LHWCA for both the foot and back conditions.

Northrop Grumman is self-insured for compensation purposes, and FARA serves as its

third party administrator for compensation claims.  Lennep is the FARA employee assigned to

handle Hammonds' claim.  In September of 2008, Hammonds alleges that his physician

determined that he needs surgical lumbar fusion as a result of the back injury.  Hammonds claims

that Lennep failed to respond to repeated requests for pre-approval of the surgery. As a result, Hammonds filed this lawsuit on July 31, 2009, in the Circuit Court of Jackson County, Mississippi. Hammonds alleges that Lennep and FARA have breached the settlement agreement and have acted with negligence and gross negligence in handling his request for pre-approval of the fusion. He also argues that they failed to reasonably investigate his claim.

The defendants removed the case to this Court, asserting that both diversity jurisdiction and federal question jurisdiction exist. They also filed the present joint Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Hammonds' negligence and failure to investigate claims are preempted by the Longshore Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*, and that the breach of contract claims must fail as a matter of law because neither Lennep nor FARA were parties to the settlement agreement. Hammonds filed a Motion to Remand the case to state court, due to lack of jurisdiction, but that Motion was denied because the Court found that diversity jurisdiction exists.

## DISCUSSION

### A. The 12(b)(6) Standard

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and failed to 'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). This Court must accept all well-pleaded facts as true for the purposes of the motion to dismiss. *Belo Corp.*, 512 F.3d at 140. The defendants attached documents to their Motion to Dismiss, but it is not necessary for this Court to convert this Motion to a Motion for Summary Judgment because the

Court has not relied on those documents when deciding the Motion to Dismiss.

## B. Hammonds' Claims Against Lennep

For the reasons stated in this Court's Memorandum Opinion and Order denying Motion to Remand [15], the Court finds that Hammonds' claims against Lennep should be dismissed.

## C. Hammonds' Claim Against FARA

The defendants argue that the breach of contract claim against FARA should be dismissed because FARA was not a party to the settlement agreement. The elements of a breach of contract claim are: (1) the existence of a valid and binding contract; (2) the breach of the contract by the defendant; and (3) money damages. *Guinn v. Wilkerson*, 963 So. 2d 555, 558 (¶8) (Miss. Ct. App. 2006). The Court has thoroughly reviewed the settlement agreement and finds that FARA is not a party to the agreement.[1] Furthermore, there is no evidence before the Court that FARA was a party to any agreement entered with Hammonds or for the benefit of Hammonds. Therefore, the Court finds that the breach of contract claim against FARA must be dismissed.

The defendants assert that all of the other claims against FARA are barred by the exclusivity provision of the LHWCA. 33 U.S.C. § 905(a) provides: "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee . . . on account of such injury or death." The Fifth Circuit has held that "the LHWCA is plainly preemptive of any state law claim for intentional or bad faith wrongful refusal to pay benefits due under the Act . . . ." *Atkinson v. Gates, McDonald & Co.*, 838 F.2d

---

[1] The settlement agreement is attached as an exhibit to Hammonds' Complaint, and it is central to his claims. Therefore, this document is considered part of the pleadings, and it is not necessary to convert the defendants' Motion into a Motion for Summary Judgment. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

808, 812 (5th Cir. 1988). The LHWCA impliedly grants the employer's insurance carrier and third party administrator the same immunity that it grants to the employer and co-employees. *Atkinson*, 838 F.2d at 811.

This Court has previously found that Hammonds' negligence, gross negligence, and failure to investigate claims against Lennep are barred by the exclusivity provision of the LHWCA. For those same reasons, the Court finds that Hammonds' claims against FARA are barred. As a result, Hammonds' claims against FARA must be dismissed.

Hammonds has not requested permission to amend his complaint should the defendants' Motion to Dismiss be granted. Furthermore, the Court finds that it is unlikely that Hammonds would be capable of stating a claim against these defendants that is not barred by the LHWCA, if he were granted permission to amend. Therefore, the Court finds that Hammonds should not be granted permission to amend his complaint. Nevertheless, the Court has decided that Hammonds' claims against these defendants should be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** the Motion to Dismiss pursuant to Rule 12(b)(6) [3] filed by the defendants, Jason Lennep and F. A. Richard & Associates, Inc., is **GRANTED**. This lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-4-